FRITZ CLAPP (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA 90213
Telephone:888-292-5784
Facsimile: 888-467-2341
E-mail: fritz@fritzclapp.com

Attorney for Plaintiff
ELMER SAFLOR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELMER SAFLOR,**<br>Plaintiff,<br>v.<br>**SUMO LOGIC, INC.,**<br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**(17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elmer Saflor alleges against Defendant Sumo Logic, Inc. ("Sumo Logic") as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of Saflor's copyright in the graphic work ***Running Away Balloon*** (the "Work"). Sumo Logic copied and altered the Work to advertise its commercial software services on X and LinkedIn without Saflor's authorization. Saflor seeks damages, injunctive relief, and other remedies under the Copyright Act.

**PARTIES**

2. Plaintiff Elmer Saflor is an individual and the owner of the copyright in the Work.

3. Defendant Sumo Logic, Inc. is a Delaware corporation headquartered in Redwood City, California. It markets and sells software and related services, including security, log analytics, and cloud operations services.

## JURISDICTION AND VENUE

4. Jurisdiction. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq.

5. This Court has personal jurisdiction over Sumo Logic because it maintains its principal California office in this District and conducts business here. Its advertising and related acts alleged below were undertaken in connection with its business in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because Sumo Logic resides here for venue purposes and may be found here. A substantial part of the acts or omissions giving rise to the claim occurred in this District, where Sumo Logic maintains its principal California office.

Divisional Assignment. This copyright case is assigned on a districtwide basis under the Court's Assignment Plan. The alleged conduct is connected to Sumo Logic's Redwood City office in San Mateo County.

## THE WORK AND REGISTRATION

7. Saflor created the original graphic expression embodied in Running Away Balloon, a two-panel drawing depicting a figure pursuing a balloon in the first panel and, in the second, the figure continuing to pursue the balloon while another figure holds the first figure back. The expressive selection, arrangement, characters, and visual details of the drawing are original to Saflor. The Work is attached as Exhibit A.

8. Saflor owns the exclusive rights in the Work, including the rights to reproduce it, prepare derivative works based upon it, and display it publicly. Saflor has not licensed Sumo Logic to use the Work.

9. The United States Copyright Office registered the Work under

Registration No. VA 2-397-201, effective March 21, 2024. The registration predates the advertising uses alleged here. It is attached as Exhibit B.

**SUMO LOGIC'S USE OF THE WORK**

10. On a date presently unknown to Saflor, but after March 21, 2024, Sumo Logic copied the Work and incorporated a modified version into advertising for its business. It retained the Work's distinctive two-panel composition, figures, poses, balloon, and overall visual arrangement.

11. Sumo Logic added labels suited to its sales message: "SOC TEAM" on the pursuing figure, "PEACEFUL VACATION" on the balloon, and "ALERTS" on the figure restraining the pursuer. These additions did not replace the protected graphic expression copied from the Work.

12. Sumo Logic published the modified graphic through its X account at https://x.com/SumoLogic/status/2041242356310311081. The accompanying copy stated, "Rest easy with faster MTTR so you can actually enjoy your vacay." A captured presentation identified the post as an "Ad" and included a "Learn More" link to Sumo Logic's services.

13. Sumo Logic also used the same modified graphic as a sponsored single-image advertisement on LinkedIn, identified at https://www.linkedin.com/ad-library/detail/835811156. The advertisement displayed Sumo Logic as advertiser, stated that it was "Paid for by Sumo Logic, Inc.," promoted "AI-driven cloud SIEM and log analytics," and included a "Learn more" call to action.

14. Public captures of the X post showed its view count increasing from approximately 4.6 million to approximately 9.5 million. A later capture showed approximately 12,000 likes, 200 reposts, and 883 bookmarks. The precise dates, paid and organic impressions, advertising spend, and campaign results are within Sumo Logic's possession.

15. On September 8, 2026, counsel for Saflor sent a written notice addressed to Sumo Logic's CEO at his company email address. The notice identified Saflor, the

Work, the copyright registration, and Sumo Logic's X use, and requested cessation of the unauthorized use. On information and belief, Sumo Logic received that notice.

16. As of September 22, 2026, the X post containing the modified Work remained publicly accessible on Sumo Logic's account at the same URL. As of that date, the LinkedIn advertisement remained visible in LinkedIn's Ad Library. Saflor does not presently know whether LinkedIn continued serving paid impressions after the September 8 notice, or whether Sumo Logic continued paid promotion of the X post after that date. The screenshots of the X and LinkedIn posts are attached as Exhibit C.

17. Sumo Logic's uses reproduced and publicly displayed protected expression from the Work and prepared an unauthorized derivative version of it. The copying was deliberate, commercially promotional, and not authorized by Saflor.

18. Sumo Logic's conduct has caused and continues to cause Saflor injury. Sumo Logic derived commercial benefit from the unauthorized advertising use. The full extent of the uses, their duration, and their financial results will be established through discovery.

## CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

19. Saflor incorporates paragraphs 1 through 18 as though fully set forth here.

20. Saflor owns a valid copyright in the Work. Sumo Logic had access to and copied the Work and, without authorization, exercised rights reserved exclusively to Saflor under 17 U.S.C. § 106, including reproduction, preparation of a derivative work, and public display.

21. Sumo Logic's infringing acts were intentional. Saflor alleges on information and belief that Sumo Logic knew of or recklessly disregarded Saflor's rights at least after receiving the September 8, 2026 notice, yet left the X post publicly accessible. Saflor will seek discovery concerning Sumo Logic's pre-notice knowledge and any post-notice advertising activity.

22. As a direct and proximate result of Sumo Logic's infringement, Saflor is

entitled to relief under 17 U.S.C. §§ 502–505, including damages and Sumo Logic's attributable profits under § 504(b), or, at Saflor's election and to the extent permitted by law, statutory damages under § 504(c). Saflor also seeks reasonable attorney's fees and costs under § 505.

## PRAYER FOR RELIEF

Saflor requests judgment against Sumo Logic as follows:

A. A declaration that Sumo Logic infringed Saflor's copyright in the Work;

B. Preliminary and permanent injunctive relief under 17 U.S.C. § 502 against further infringing use of the Work, on terms the Court finds appropriate;

C. Actual damages suffered by Saflor and profits attributable to the infringement under 17 U.S.C. § 504(b), or statutory damages under § 504(c), as elected and proven, including any willfulness enhancement supported by the evidence;

D. Reasonable attorney's fees and costs under 17 U.S.C. § 505;

E. Prejudgment and postjudgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Saflor demands a trial by jury on all issues so triable.

Dated: September 23, 2026

FRITZ CLAPP
Attorney for Plaintiff ELMER SAFLOR



"Running Away Balloon"

**EXHIBIT A**

**Registration Number**
# VA 2-397-201
**Effective Date of Registration:**
March 21, 2024
**Registration Decision Date:**
June 10, 2024

## Title

**Title of Work:** RUNNING AWAY BALLOON

## Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** April 21, 2017
**Nation of 1st Publication:** Philippines

## Author

- **Author:** Elmer Saflor
  **Author Created:** 2-D artwork
  **Domiciled in:** Philippines

## Copyright Claimant

**Copyright Claimant:** Elmer Saflor
Block 14 Lot 42 Phase 3, Southville IV Brgy. Pooc, Santa Rosa City, Laguna, Philippines

## Rights and Permissions

**Organization Name:** Dickinson Wright PLLC
**Name:** William H. Honaker
**Email:** dwtrademarks@dickinsonwright.com
**Telephone:** (248)433-7381
**Alt. Telephone:** (248)318-7015
**Address:** Suite 300
2600 West Big Beaver
Troy, Michigan 48084 United States



**EXHIBIT B**

## Certification

**Name:** William H. Honaker
**Date:** March 21, 2024




screenshot-x.com-2026.09.22-20_13_56







screenshot-www.linkedin.com-2026.09.22-20_14_58

**EXHIBIT C**